### John V. Farwell & Co. v. Eugene Norton et al.

1. FRAUD—*What Can Not be Considered as.*—Fraud can not be attributed to a person who, in failing circumstances, with property liable to be sacrificed at execution sales, sells it for a fair consideration and applies the proceeds to the payment of *bona fide* creditors.

**Creditor's Bill.**—Trial in the Circuit Court of Kane County; the Hon. GEORGE W. BROWN, Judge, presiding. Hearing and bill dismissed for want of equity. Error by complainant. Heard in this court at the May term, 1898. Affirmed. Opinion filed September 26, 1898.

OSCAR JONES and ERNEST C. LUTHER, attorneys for plaintiff in error.

D. B. SHERWOOD and JOHN A. RUSSELL, attorneys for defendants in error.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Plaintiff in error, as the judgment creditor of Norton, Batt & Co., filed a creditor's bill against the defendants in error, charging a sale and conveyance of property from the debtors to Bertha W. Batt and William W. Norton was fraudulent, and intended to hinder and delay creditors; praying for discovery and that the conveyances might be

set aside. Sworn answers were filed, responsive to the bill, denying its material allegations, the oath not having been waived, to which replications were filed; and upon the hearing the court found against appellant and dismissed the bill for want of equity, and to reverse such decree this writ of error is prosecuted. It is insisted by appellant the decree is contrary to the evidence in the case.

We have examined the bill, answers and the evidence in the case. The burden of proof was upon the complaint to establish the allegations of its bill by a preponderance of the evidence, and to overcome the sworn answers of the defendants. We think the answers and the evidence together fall short of proving the fraud alleged. It is doubtless true the transaction by which the property in question was sold and transferred, was not free from suspicion of fraud and an intention to hinder and delay creditors in some respects; but Norton, Batt & Co. were in failing circumstances and their property liable to be sacrificed at execution sales, and under these conditions they sold it for a fair consideration—for more than a sheriff's sale would be likely to produce. The proceeds of the sale were used in payment of certain *bona fide* creditors. It can not be successfully disputed the property was so used, and while such creditors were preferred as against plaintiff in error and others, the property was applied as the law permitted. There is some conflict, as is usual, as to the actual value of the property disposed of; but on a fair consideration of the evidence, we do not think the value was so great as claimed by plaintiff in error, and are not inclined to believe the price paid for it was so far inadequate as to amount to a fraud *per se.* In truth it seems that the price paid was probably as much as could ordinarily be obtained in the condition of the property at the time.

It is also insisted that by means of the bill the appellees were forced to disclose by their answer certain real estate was liable to be seized upon to satisfy in part, the judgment of appellant; and therefore the court erred in dismissing the bill, and in not ordering the sale of such real

estate.   There is no force in this position.   It does not appear such property was not open to the discovery of any person by the exercise of ordinary diligence, without the aid of a court of equity; and as to such property, appellant's remedy was full and adequate by means of an execution upon its judgment, both before its bill was filed, and since it was dismissed by the decree of the court.

Finding no error, the decree of the Circuit Court will be affirmed.